IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. FAHEEM R. HARDEMAN,<br><br>        Plaintiff,<br>  v.<br><br>AMTRAK/CALTRAIN RAILROAD,<br><br>        Defendant.<br>_____/ | No. C 04-3360 SI<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES NOS. 4, 5, 7, 8, 9, 10 AND 11** |

Plaintiff C. Faheem R. Hardeman, an African-American male, was employed with defendant Amtrak for eleven years; at the time of his termination he was an Amtrak engineer. In April 2003, plaintiff along with other crew members were involved in a derailment at the San Francisco station. After an investigation concerning the accident, defendant terminated plaintiff's employment on May 30, 2003. Plaintiff has filed suit against Amtrak alleging race-based discrimination.

Before the Court are discovery disputes relating to Interrogatories Nos. 4, 5, 7, 8, 9, 10 and 11. After careful consideration of the parties' arguments, the Court finds the following:

**Interrogatories Nos. 4-5 and 7-8**

Interrogatory No. 4 requests the number of African-American engineers hired in the Pacific Division[1] of Amtrak from January 1, 1998 to the present.[2] Interrogatory No. 5 requests the total number

---

[1] The interrogatories mistakenly refer to Amtrak's "Western Division" rather than its "Pacific Division." The Pacific Division was organized by Amtrak in October, 2002, and the interrogatories referring to the Western Division are directed toward the Pacific Division, or the states which it encompasses.

[2] Plaintiff's letter brief represents that the interrogatories cover the period 1998 to the present. Defendant's letter brief asserts that they cover a longer period, 1995 to the present. For purposes of resolving the current dispute, the Court accepts plaintiff's shorter period and the orders reflected herein cover only the shorter period.

of engineers hired in the same division during the same time period. Similarly, Interrogatory No. 7 requests the total number of conductors employed in the Pacific Division from January 1, 1998 to the present, and Interrogatory No. 8 seeks the number of African-American conductors employed in the same division during the same time period.

While plaintiff's race discrimination claim alleges disparate discipline, not discriminatory hiring, the Court finds that the information requested may nevertheless lead to the production of relevant demographic evidence. Defendant's hiring practices concerning African Americans may be indicative of general attitudes towards this racial group in other contexts. Defendant's vague contention that such request is "burdensome and oppressive" is unconvincing given its computerized database. While Amtrak did not commence a Pacific Division until October 2002, defendant may narrow the search to those Western states that comprise this division.

Without further evidence to the contrary, the Court believes that the alleged difficulty of distilling the requested information from the computerized database is overblown. The Court thus GRANTS plaintiff's request to compel answers to Interrogatories Nos. 4, 5, 7 and 8.

**Interrogatories No. 9**

Interrogatory No. 9 requests the identification of each African-American conductor who applied for an engineer position in the Pacific Division from January 1, 1998 to the present.

As mentioned above, the Pacific Division did not commence until October 2002. Defendants represent that postings were not kept electronically until 2003, and that responding to this question would require manual sorting of voluminous files to obtain and correlate the requested information.

Since this action does not involve promotion practices, this requested information is only marginally likely to lead to the discovery of relevant evidence and the burden of its production appears to be relatively heavy. Under these circumstances, it would be unreasonable to require response to the interrogatories as framed.

Accordingly, the Court DENIES plaintiff's request to compel answers to Interrogatories No. 9.

///

**Interrogatories Nos. 10 and 11**

Interrogatory No. 10 requests a list by race of all engineers who were voluntarily or involuntarily terminated in the Pacific Division from January 1, 1998 to the present. Interrogatory No. 11 requests the identity of all African-American engineers voluntarily or involuntarily terminated in the same division during the same time period.

Defendant represents that it has provided all requested information with respect engineers and African American engineers who were involuntarily terminated in the Pacific Division from 2002 - 2005, the years it has been in existence. Defendant objects to providing information relating to voluntary terminations and resignations, arguing that such information is irrelevant to the current case. This Court agrees. As defendant points out in its opposition brief, "[e]mployees resign for a myriad of reasons." The possibility that some of these reasons may stem from general dissatisfaction with Amtrak's racial work environment is too remote to warrant the burden of producing this information, which is, according to defendant, not maintained on a searchable database. Accordingly, defendant is not required to produce the requested information with respect to voluntary resignations.

However, defendant is required to produce the information concerning involuntary terminations in the states which now comprise the Pacific Division for the years from 1998 through 2002.

Accordingly, the motion to compel Interrogatories 10 and 11 is GRANTED in part and DENIED in part.

**CONCLUSION**

Plaintiff's motion to compel responses to Interrogatories Nos. 4, 5, 7, and 8 is GRANTED; plaintiff's motion to compel responses to Interrogatory 9 is DENIED; and plaintiff's motion to compel responses to Interrogatories 10 and 11 is GRANTED in part and DENIED in part. [Docket No. 32].

**IT IS SO ORDERED.**

Dated: April 15, 2006

SUSAN ILLSTON
United States District Judge

3