IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. FAHEEM R. HARDEMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>AMTRAK/CALTRAIN RAILROAD,<br><br>    Defendant.<br>                                                   / | No. C 04-03360 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL** |

By letter briefs, the parties bring before the Court discovery disputes in this matter. Plaintiff seeks to compel the production of documents from defendant Amtrak. For the following reasons, the Court DENIES plaintiff's motion.

**BACKGROUND**

Plaintiff C. Faheem R. Hardeman filed this action under 42 U.S.C. §§ 1981(a) and 2000e, bringing charges of racial discrimination against defendant in connection with his termination in 2003. First Amended Complaint ("FAC"), ¶¶1 and 12. Plaintiff is an African-American male who was employed by defendant as an engineer from July 1992 until his termination on May 30, 2003. *Id.* at ¶¶ 3, 5.

Plaintiff was terminated following a derailment of an engine that occurred on April 10, 2003. Plaintiff alleges that he was responsible for controlling the brakes and gas while the engine was backing up. *Id.* at ¶9. Plaintiff was unable to see whether the track had been incorrectly switched. *Id.* at ¶8. Plaintiff alleges that he relied on three other employees' instructions to do his job, and the derailment resulted because the other employees failed to follow proper procedures. *Id.* at ¶9-10. Plaintiff was

terminated, while other employees were not terminated. *Id.* at ¶11. None of these employees were African-American. *Id.* Plaintiff claims he was terminated because of his race, and alleges that defendant does not discipline similarly-situated non-African Amercian employees in the same manner as it disciplined him. *Id.* at ¶11. Plaintiff cites a previous derailment that occurred in December 2002, where he was suspended for 15 days, with an additional 15 days held in abeyance for 6 months, and that a month later, a non-African-American employee who committed a similar accident was not suspended. *Id.* at ¶¶6-7.

Plaintiff served his First Request for Production of Documents on February 3, 2006. Defendant's response was due on March 6, 2006, but defendant did not respond until March 7. Pl.'s Letter Brief, 1. Defendant later produced documents to plaintiff on March 23, March 24, and March 27, 2006.

Now before the Court are plaintiff's arguments that: (1) defendant waived all its objections to the production of documents by its failure to respond to plaintiff's document requests by March 6, 2006; and (2) defendant's objections to the production of non-party personnel files are without merit.

**DISCUSSION**

**A.    Defendant Amtrak Has Not Waived Its Objections By Untimely Service**

Unless the parties otherwise agree in writing, Rule 34(b) of Federal Rules of Civil Procedure gives a party 30 days to respond to a document request. *See* Fed. R. Civ. P. 34(b). Plaintiff argues that because defendant failed to respond to Plaintiff's Request by March 6, 2006, defendant waived all of its objections and privileges.

However, the discovery rules do not automatically require waiver upon a party's failure to object. *See id.* The Ninth Circuit has rejected a *per se* rule that privileges are waived if a party fails to respond within the 30 day period. *Burlington Northern v. District Court*, 408 F.3d 1142, 1149 (9th Cir. 1992). The district court should instead make a case by case determination of factors such as: the timeliness of the objection and accompanying information about the withheld documents; the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy or unusually hard. *Id.*

Considering the facts of this case, the Court finds that because defendant filed its response just

2

one day after the 30 day period and tried to cure the delay by submitting a copy to the plaintiff by facsimile (Def.'s Letter Brief, 1), defendant did not waive its objections to plaintiff's document requests.

**B.     Defendant's Objections to Plaintiff's First Request for Production of Documents**

Plaintiff's document requests included requests for personnel files of non-party employees, including any results of routine drug tests conducted by the defendant. Defendant agreed to produce "non-privileged documents which do not involve drug test results" from the personnel files of 15 past and present employees "relevant to the issues in dispute in this litigation." Def.'s Letter Brief, 2. Defendant plans on producing documents reflecting the fact that drug testing was performed, but not the test results. *Id.* Defendant objected to plaintiff's request for the employees' drug test results on the grounds of: (1) 49 C.F.R. §§ 40.321 and 40.323, (2) relevance and unlikeliness to lead to admissible evidence, and (3) violation of employees' right to privacy.[1] The Court finds that the drug test results are not relevant, and therefore need not be produced.

Defendant challenges the relevance of the drug test results for two reasons: (1) plaintiff's racial discrimination complaint does not allege that he was terminated as a result of a positive drug test and other non-African-American employees were not, and (2) plaintiff's reason for the drug test results is inadequate. Plaintiff argues that the drug test results are relevant to his case because he believes that the derailment for which he was fired was precipitated by another employee who may have been under the influence of medication at the time. Pl.'s Letter Brief, 5. Plaintiff argues that the drug test results would show that his termination was based on pretext and motivated by racial bias. *Id.*

The Court agrees with defendant regarding the relevance of the drug test results. Plaintiff has not alleged that he was terminated for a positive drug test while other employees who tested positive were not terminated. Additionally, plaintiff makes no allegations that employees were subjected to drug testing on the day of the derailment such that drug test results would reveal that the alleged employee

---

[1] Defendant also objected to plaintiff's document requests on the grounds of attorney-client privilege; vagueness, overbreadth, and ambiguity; and undue burden and oppression. However, because defendant's review of the personnel files reveals that the documents contained are not privileged, and documents in the personnel file have not been withheld on the grounds of undue burden and oppression, or vagueness, overbreadth, and ambiguity, the Court need not address these objections.

3

United States District Court
For the Northern District of California

was under the influence of drugs on that day. Lastly, plaintiff has only alleged that one employee was under the influence, but has requested the drug test results from 15 employees' personnel files. This suggests that plaintiff is on nothing more than a fishing expedition. Accordingly, the Court finds that the drug test results are not relevant to the action and defendant need not produce them.

As to the other documents contained in the personnel files, defendant has agreed to produce documents in the personnel files relating to employees' performance, rules violations, criticisms, disciplinary proceedings and discipline, training and commendations. Def.'s Letter Brief, 2. The parties have agreed that sensitive personal information contained in applications for employment, insurance, medical, and banking information, as well as other portions of the files, have no bearing on the issues of this case and are irrelevant. *Id.* As the parties have reached an agreement regarding these documents, the Court does not need to decide the relevance of the documents.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to compel (Docket No. 40).

**IT IS SO ORDERED.**

Dated: 5/2/06

SUSAN ILLSTON
United States District Judge

4