IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

C. FAHEEM R. HARDEMAN,

    Plaintiff,

v.

AMTRAK/CALTRAIN RAILROAD,

    Defendant.

           No. C 04-03360 SI

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

By letter briefs, the parties bring before the Court a discovery dispute in this matter. Plaintiff C. Faheem R. Hardeman seeks to compel defendant Amtrak Railroad to respond to a single document request. For the following reasons, the Court GRANTS plaintiff's motion.

**DISCUSSION**

Plaintiff, an African-American male, worked at Amtrak as an engineer from July 1992 until his termination on May 30, 2003. Plaintiff was terminated due to his involvement in a train derailment that occurred while he and two other Amtrak employees were backing up a train. In August 2004 plaintiff filed this action, alleging that his termination was the product of racial discrimination. One of plaintiff's primary claims is that he was disciplined differently than other Amtrak employees because of his race.

Near the close of discovery, plaintiff served defendant with his Request for Production No. 48, which is the only subject of his current motion to compel. The document request concerned a document apparently circulated in Amtrak's Pacific Division on April 24, 2003. The document states that Amtrak was "experiencing a high number of incidents that have resulted in both damage to switches and derailments of equipment." Seeking to investigate other incidents where employees have made errors,

and the disciplinary actions that have resulted therefrom, plaintiff requested:

> Any and all DOCUMENTS which REFER, REFLECT or RELATE TO the document entitled "Pacific Division, Caltrain Dated April 24, 2003" to All Concerned pertaining to the "White Tag Test" . . . including but not limited to any reports or repair orders which support the assertion in the document on page 1 that "[w]e are experiencing a high number of incidents that have resulted in both damage to switches and derailment of equipment" in the Pacific Division.

Pl. Br., Exh. A.

Defendant has refused to produce documents responsive to this request, arguing that the request does not seek relevant information because the document concerns manual switches, while plaintiff's accident was caused by a power switch that was controlled remotely. Defendant also objects on grounds of relevance because the document request names only "reports or repair orders," and not disciplinary records. Finally, defendant argues that responding to this request would be an undue burden, because the document reflects an advisory that was issued on a national scale.

The Court agrees with plaintiff that this document request is relevant to plaintiff's claim of disparate treatment. Evidence that there were other incidents that resulted in damaged equipment or train derailments could help support plaintiff's assertion that he was disciplined more severely than other employees who were involved in similar incidents. Documents describing other serious incidents by Amtrak employees is highly relevant to this claim, regardless of whether they involved manual switches or power switches. Even accepting defendant's contention that the request is limited to "reports or repair orders" – and the request is not so limited on its face – responsive documents would still provide a context in which to determine whether the accident plaintiff was involved in was particularly serious or a more routine matter.

Given the relevance of the material sought, the Court does not believe that responding to this request will be unduly burdensome. Although the advisory may have been issued on a national scale, the document request relates only to a document that was issued in the Pacific Division. Thus, defendant may largely restrict its search for responsive documents to the Pacific Division.

///

///

2

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to compel. The parties' letter briefs (Docket ## 73, 81) shall constitute the record for this motion.

**IT IS SO ORDERED.**

Dated: July 17, 2006

SUSAN ILLSTON
United States District Judge