IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. FADHEEM R. HARDEMAN, | No. C 04-03360 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO STRIKE** |
| v. | |
| AMTRAK/CALTRAIN RAILROAD, | |
| Defendant. | |

Now before the Court is a discovery dispute in this matter. Defendant Amtrak Railroad seeks to have a portion of plaintiff's response to Interrogatory No. 8 stricken. For the following reasons, the Court GRANTS defendant's motion.

**DISCUSSION**

Defendant's Interrogatory No. 8 is a contention interrogatory, which reads: "State all facts on which YOU base YOUR contention that you were discriminated against by AMTRAK." Plaintiff's answer to this interrogatory spanned several pages, and in one paragraph it stated:

> In my experience at Amtrak, as I testified in my deposition, Amtrak's disciplinary practices were subjective, where the severity of discipline hinged on the identity of the employee in question. I hereby incorporate my deposition testimony on this issue as if fully set forth herein.

Defendant moves to strike this reference, claiming that a party may not incorporate by reference deposition testimony into an interrogatory response.[1]

---

[1] After meeting and conferring on this subject, plaintiff supplemented his interrogatory response to include a more detailed description of Amtrak's allegedly subjective disciplinary practices. Following this supplemental answer, defendant filed the instant motion to strike.

Federal Rule of Civil Procedure 33 governs interrogatories. It provides for a single instance in which a party may refer to outside material in lieu of answering the interrogatory:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. . . .

Fed. R. Civ. P. 33(d). In circumstances that do not involve "business records" federal courts have generally refused to allow parties to answer interrogatories by referring to outside material. *See, e.g.*, *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682 (D. Kan. 1991); *Scaife v. Boenne*, 191 F.R.D. 590 (N.D. Ind. 2000). These courts have relied on Rule 33's mandate that "each interrogatory . . . be answered separately and fully in writing." Fed. R. Civ. P. 33(b)(1). Where, as here, a party serves a contention interrogatory with the goal of fully understanding the basis for the opposing party's case, the Court believes it is especially important that the interrogatory response be clear an complete.

Accordingly, the Court GRANTS defendant's motion to strike. To the extent plaintiff intends to rely on material in his deposition that is not included in his supplemental response, plaintiff must supplement his response accordingly.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to strike. (Docket Nos. 72, 103).

**IT IS SO ORDERED.**

Dated: July 18, 2006

SUSAN ILLSTON
United States District Judge

2