IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. FAHEEM R. HARDEMAN,<br><br>        Plaintiff,<br><br>  v.<br><br>AMTRAK/CALTRAIN RAILROAD,<br><br>        Defendant.<br>_____/ | No. C 04-03360 SI<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

      Defendant Amtrak/Caltrain Railroad has filed a motion for leave to file motion for reconsideration of the Court's order granting in part defendant's motion for summary judgment. For the following reasons, and for good cause shown, the Court GRANTS IN PART defendant's motion for leave to file.

      In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Civil Local Rule 7-9(b) provides, in pertinent part:

> The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which the reconsideration is sought. The party must also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*See* Civil L.R. 7-9(b). Moreover, the motion may not repeat any oral or written argument made by the moving party in support of or opposition to the interlocutory order of which the party seeks

reconsideration. *See* Civil L.R. 7-9(c).

Defendant bases its motion for leave on three points which it argues the Court failed to consider; only the second point warrants reconsideration.

Defendant's first point is that the racist comments allegedly made by Joe Deely occurred over ten years prior to plaintiff's termination and are therefore too remote in time, as a matter of law, to be relevant. In the underlying proceedings, defendant presented this argument in one sentence in its objections to plaintiff's evidence, and did so without citing any caselaw. *See* Docket No. 109 at 24:11-13. The Court considered defendant's brief argument, and properly rejected it. Reconsideration based on this argument is therefore inappropriate. *See* Civil L.R. 7-9(b)(3).

Second, defendant argues that the Court failed to consider that plaintiff presented no evidence that Mr. Deely knew plaintiff's race, and therefore there can be no inference of discriminatory intent. *See DeHorney v. Bank of Amer.*, 879 F.2d 459, 468 (9th Cir. 1989). Defendant raised this argument for the first time in its summary judgment reply brief. *See* Reply at 15:5-10. The Court agrees with defendant that this issue warrants reconsideration. The Court previously found that evidence that Mr. Deely was a decision-maker, and evidence that he had made racist statements in the past, was sufficient evidence of pretext to defeat summary judgment. If, as defendant argues, Mr. Deely had no knowledge of plaintiff's race at the time he allegedly made decisions regarding plaintiff, then his past statements would be irrelevant. *See DeHorney*, 879 F.2d at 468. In order to survive summary judgment, plaintiff therefore must present some evidence that Mr. Deely knew plaintiff's race.

Third, defendant argues that the Court failed to consider the fact that defendant disciplined a Caucasian crew-member for the 2002 derailment along with plaintiff, and did not discipline another African-American employee involved in the derailment. This fact does not negate the evidence provided by plaintiff that a similarly situated Caucasian engineer received less-severe punishment for a similar incident in 2003. Defendant also argues that the Court ignored evidence that the Caucasian engineer was not responsible for the incident in 2003, and therefore cannot be compared to plaintiff. There is a genuine issue of fact as to whether plaintiff was any more or less at fault than the Caucasian engineer in 2003. *See, e.g.,* Breda Decl. ¶¶ 3-5. Defendant's third argument therefore does not justify reconsideration.

2

For the foregoing reasons, the Court GRANTS IN PART defendant's motion for leave to file motion for reconsideration. Plaintiff shall file a response to Section III(A)(2) of defendant's [proposed] motion for reconsideration (Erlewine Decl., Ex. B at 7-8), addressing the issue of whether Mr. Deely knew plaintiff's race at the time he allegedly participated in the decision to terminate plaintiff, on or before Wednesday, December 20, 2006. (Docket No. 210)

**IT IS SO ORDERED.**

Dated: December 18, 2006

SUSAN ILLSTON
United States District Judge