United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

C. FAHEEM R. HARDEMAN,

        Plaintiff,

  v.

AMTRAK/CALTRAIN RAILROAD,

        Defendant.
_____/

No. C 04-03360 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On February 20, 2007, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning March 12, 2007. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

2. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

3. **Jury instructions**:

    **Submission of joint substantive instructions:** Counsel have submitted no jointly proposed jury instructions on any matter of substance. No later than **Friday, March 2, 2007**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which

shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition.   Where feasible, competing instructions addressing the same point shall be included together in the single set of proposed instructions.   The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10 (windows) on or before March 2, 2007.

**Specific instructions:** Because termination has been excluded by summary judgment, instructions under California Constitution, Article I, Section 8 will be unnecessary and no front pay (equitable payment in lieu of reinstatement) will be assessed by the jury or by the Court.

4.      **Trial exhibits**:   No later than Friday, March 9, 2007, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit.   The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.   To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5.      **Timing of trial**:   The parties originally estimated that the trial should take approximately 10 days.   However, since that time plaintiff's termination claims have been disposed of by summary judgment, leaving only two disparate discipline claims (the suspension waivers plaintiff was offered in response to the 2002 "split switch" incident and to the 2003 derailment).   The Court has reviewed the witnesses listed and the issues to be tried and believes that the matter can be tried in no more than 8 days.   Based on this estimate, each side shall have 30 minutes for opening statements; each side shall have 15 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 1 hour for closing argument.

6.      **Trial schedule**:   Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays.   The trial day runs from 8:30 a.m. until 3:00 p.m., with a 15 minute break at 10:00 a.m., a 30

United States District Court
For the Northern District of California

2

minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

7.     **Motions in limine**:   The parties filed 22 motions in limine, as follows:

**Plaintiff's No. 1**:  To exclude offers of waiver and reinstatement for the April 10, 2003 derailment.  DENIED; this information provides context and is relevant to the question of disparate treatment in discipline.

**Plaintiff's No. 2:** To exclude defense experts.  The challenge to defense experts based on claimed lack of qualification is DENIED.  However, since the termination claim has been excluded from the trial, these experts may not have any relevant testimony to offer.

**Plaintiff's No. 3:** To exclude evidence of "irrelevant disciplines."  Plaintiff seeks to exclude virtually all of plaintiff's own discipline history at Amtrak based on FRE 402 and 403, contending that it is stale; it is not comparable to the discipline at issue in this case; and it is prejudicial. DENIED; this information provides context and is relevant to the question of disparate treatment in discipline.  See Defendant's No. 7.

**Plaintiff's No. 4:** To exclude National Mediation Board decision.  This decision is relevant primarily to the termination issues, which are now out of the case; the probative value is now substantially outweighed by the possibility of prejudice, confusion or undue consumption of time per FRE 403.  Hence, this motion is GRANTED.

**Plaintiff's No. 5:** To exclude undisclosed video footage: Plaintiff seeks to exclude video footage defendant took of the route followed by the train during the 2003 derailment.  Defendant asserts that it took the videotape as impeachment after plaintiff testified as to sight lines and to what he could or could not see at the time of the derailment.  Plaintiff does not dispute the accuracy of the tape itself, which was provided to plaintiff in August, 2006 at a settlement conference.  Motion to exclude DENIED; this tape may be used as proper impeachment.

**Plaintiff's No. 6:** To exclude communications with the Union following May 30, 2006 [sic - 2003] termination: This evidence would be relevant only to the termination claims, which have been excluded.  Motion is therefore GRANTED.

**Plaintiff's No. 7:** To exclude undisclosed evidence.  In general, evidence which should

United States District Court
For the Northern District of California

properly have been disclosed by a party but was not, will not be allowed at trial.  However, it is unclear what evidence this motion refers to, so the motion is DENIED, without prejudice to specific objections to specific evidence at trial.

**Defendant's No. 1:** To exclude testimony of late revealed witnesses.  This motion is based on plaintiff's disclosure of witnesses "late" – some 11 days prior to discovery cut-off, and some thereafter.  The motion based on timeliness is DENIED.  However, discussion at the pretrial conference demonstrated that the witnesses listed by plaintiff in many instances would testify only to issues now excluded from the case (such as termination or Mr. Deeley's racist statements), or to events occurring in Oakland or other remote areas which may be of no relevance to the San Francisco yard where plaintiff worked.  Therefore, in order to avoid wasting time and expense at trial, IT IS ORDERED that no witnesses who did not work in the San Francisco yard with, or at the same time as, plaintiff may testify at trial, unless counsel seek and obtain the Court's permission to call them after presenting an offer of proof as to their testimony.  Until such permission is obtained, no reference to their potential testimony may be made by counsel before the jury.

**Defendant's No. 2:** To exclude testimony of Mary Fontaine, Mary Gotthardt and other witnesses: At the pretrial conference, this motion was expanded to include witnesses Joe George, Eddie Harper, Mike Shaw, Durell Whitley and Abner Morgan.  As noted above, no witnesses who did not work in the San Francisco yard with, or at the same time as, plaintiff may testify unless counsel seek and obtain permission based on an offer of proof as to their testimony.  These witnesses are included in that group, so this motion is GRANTED without prejudice to presentation of an appropriate offer of proof.

**Defendant's No. 3:** To prevent use of defendant's answer to plaintiff's interrogatory No. 12: DENIED.

**Defendant's No. 4:** To exclude comparison evidence.  Defendant seeks to exclude plaintiff's use of comparison evidence where the other Amtrak employees involved are not similarly situated.  As framed, the motion does not identify which witnesses in particular defendant seeks to exclude.  Consequently, the motion is DENIED, without prejudice to specific objections to specific witnesses during trial.

**Defendant's No. 5:** To exclude comparison evidence of Mike Shanahan, Ryan Peterson and Mark Buchanan.  DENIED.  Plaintiff has presented a showing sufficient to allow the jury to determine whether and to what extent the infractions allegedly committed by these employees, and the punishment imposed in light of their discipline histories, are relevant comparators for plaintiff's action.

**Defendant's No. 6:**  To exclude comparison evidence related to uncharged rule violations:  Defendant evidently seeks to exclude evidence that caucasian employees, or other employees not of Mr. Hardeman's race, were not charged when they violated Amtrak rules.  As framed, the motion is DENIED, without prejudice to specific objections to specific evidence at trial.

**Defendant's No. 7:**  To exclude testimony concerning plaintiff's employment history. DENIED.  After the summary judgment rulings, the only claims for which plaintiff may seek relief are the suspension waivers plaintiff was offered in response to the 2002 "split switch" incident and the 2003 derailment.  However, plaintiff's employment course at Amtrak is relevant for purposes of context and the question of disparate treatment in discipline.  See ruling on Plaintiff's No. 3.  Plaintiff will not, however, be allowed to offer opinions without foundation or speculate as to motive or intent; this ruling is without prejudice to objection to any such testimony.

**Defendant's No. 8:**  To exclude evidence concerning "White Tag Memo": DENIED, without prejudice to objections at time of trial.

**Defendant's No. 9:**  To exclude testimony by Roxie Hardeman: Plaintiff's wife evidently asserted the marital communication privilege to avoid testifying at her deposition about conversations she had with her husband.  Consequently, defendant moves to exclude her testimony at trial.  DENIED; she may testify generally to what she observed in her husband, if she was allowed to testify about same at her deposition.  However, she will not be allowed to testify to anything at trial that she refused to divulge at her deposition; and she may be asked about having asserted the privilege at her deposition.

**Defendant's No. 10:**  To exclude evidence of other alleged discriminatory acts or practices by Amtrak as a basis for damages: This is unopposed by plaintiff and is GRANTED.

**Defendant's No. 11:**  To exclude opinions of Paul Soule: DENIED, without prejudice to specific objections at time of trial.  No improper opinions or speculation will be allowed, but the witness may testify to what he observed or knew.

5

1    **Defendant's No. 12:** To exclude evidence of drug test of Denver Payne: DENIED.

2    **Defendant's No. 13:** To exclude "mention or evidence. . . on the subject of the *Morgan*

3    *v. Amtrak* action":   Plaintiff does not oppose this motion, with two exceptions: (1) if on cross-

4    examination of Mr. Morgan defendant asks him about the case, he may answer; and (2) testimony from

5    the *Morgan* trial may be used as impeachment in this trial, if described only as "prior testimony."

6    Defendant concurs in these exceptions and thus the motion is GRANTED with these exceptions.

7    **Defendant's No. 14:** To exclude audio tape of investigatory hearing: Plaintiff does not

8    oppose this motion and it is GRANTED.

9    **Defendant's No. 15:** To exclude evidence of protected class employees: Defendant seeks

10   to prevent plaintiff from offering evidence on the number of Amtrak employees by race, gender, or any

11   other protected class designation.  DENIED; such information may be relevant.  However, there has

12   been no statistical evidence or analysis presented, and plaintiff may not prove disparate treatment on

13   any statistical basis.

14

15       8.    **Further Settlement Conference:** The parties are ordered to attend a further settlement

16   conference prior to the trial, with a Magistrate Judge to be assigned.

17

18       **IT IS SO ORDERED.**

19

20   Dated: February 21, 2007

21                                                    _____

22                                                    SUSAN ILLSTON
                                                     United States District Judge
23

24

25

26

27

28